1
2
3
4
5
6
7
8
9
10      UNITED STATES DISTRICT COURT
        EASTERN DISTRICT OF CALIFORNIA
11
12

13   BLAINE BUTLER,                          Case No. 2:07- cv - 00749 RBL

14                      Petitioner,

15          v.                               ORDER DENYING PETITION FOR
                                             WRIT OF HABEAS CORPUS AND
16   M. KRAMER, Warden,                      REQUEST FOR AN EVIDENTIARY
                                             HEARING
17                      Respondent.

18
19
20
21                          I.  **INTRODUCTION**

22          Petitioner Blaine Butler was found guilty by a jury and sentenced to 10 years in prison by the

23   Sacramento County Superior Court for possession of methamphetamine with intent to sell.  The California

24   Third District Court of Appeal affirmed the trial court's judgment and sentence.  Butler claims there were a

25   number of errors made by the California Courts which had a cumulative unfair impact on the trial process.

26   (Dkt. #28)  Having exhausted his appellate avenues and been denied habeas corpus relief in state court

27   petitioner filed the instant Petition for Writ of Habeas Corpus.  (Dkt. #1)  This petition includes a request

28   for an evidentiary hearing.  (Dkt. #1)  Having reviewed the last reasoned decision of the California Third

District Court of Appeal from February 3, 2006, the petition and hearing request are **DENIED** for the reasons explained below.

## II. <u>GENERAL FACTS AND PRIOR PROCEEDINGS</u>

On October 29, 2003, the Sacramento Sheriff's Department conducted surveillance of petitioner at an apartment.  Roxanne Navarro (petitioner's girlfriend), Brian Provins (resident of the apartment), and Jennifer Schmueckle (Provins' friend) were all present at the residence.  Schmueckle and Navarro consumed methamphetamine in the bathroom while inside of the apartment.  Afterwards, Butler took two trips between the residence and the street, loading various bags and a cooler into a silver Ford Contour.  Detective Marcus Gregory of the Sheriff's Department then detained and arrested him for being a parolee at large.

On May 16, 2004, a jury convicted petitioner of possessing methamphetamine for sale, and the trial court sentenced petitioner to 10 years in state prison.  Petitioner appealed his conviction, and after briefing by the parties, on February 3, 2006, the California Court of Appeal affirmed the judgment.  On or about February 15, 2006, petitioner filed a Petition for Rehearing.  On February 23, 2006, the California Court of Appeal denied the Petition for Rehearing.  On or about March 7, 2006, petitioner filed a Petition for Review with the California Supreme Court, which was denied on April 12, 2006.  Butler filed a Petition for Certiorari in the United States Supreme Court on April 12, 2006, which was denied on October 2, 2006.

Also, on April 6, 2006 petitioner filed a Petition for Writ of Habeas Corpus in the Sacramento County Superior Court.  This petition was denied on June 1, 2006.  On June 20, 2006, Butler filed another Petition for Writ of Habeas Corpus in the Sacramento County Superior Court that was denied on August 8, 2006.  On August 22, 2006, petitioner filed another Petition in the Third Appellate District of the California Court of Appeal.  This Petition was denied on April 24, 2006.  On September 6, 2006, petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court.  On March 21, 2007, the California Supreme Court denied the petition.

Petitioner filed a Petition for Writ of Habeas Corpus in the Eastern District of California on June 26, 2007.  The case was reassigned to this Court on January 22, 2009.  Respondent admits that Petitioner has exhausted his claims for relief.

### III.  STANDARD OF REVIEW

In a habeas proceeding filed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court of Appeal's decision on the merits is entitled to deference.  28 U.S.C. § 2254(d); *Luna v. Cambra*, 306 F.3d 954, 960 (9th Cir. 2002).  Under the AEDPA, a petitioner must demonstrate that the state court's adjudication of the merits resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d)(1); *See Lockyer v. Andrade,* 123 S.Ct. 1166, 1172-73 (2003).  Federal courts do not review state evidence law, but rather only consider whether the petitioner's conviction violated constitutional norms.  *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *Jammal v. Van De Kamp*, 926 F.2d 918, 919 (9th Cir. 1991).

### IV.  EXCLUSION OF NAVARRO'S STATEMENT

Petitioner claims that the trial court erroneously excluded Navarro's confession in violation of his constitutional rights to due process and to present a defense under the 5th and 14th Amendments. (Dkt. #1)

**A.  Factual Background**

When petitioner was arrested, deputies found a cellular telephone and a set of keys in his hand, as well as a used methamphetamine pipe, Ziploc baggies, plastic baby bottle bags, and $590 in cash in his pocket.  (Dkt. #23)  A search of the car revealed two bags of methamphetamine concealed in a blue and white aerosol can with a false bottom.  One bag weighed 28.9 grams and the other weighed 1.52 grams.

After the methamphetamine was found in petitioner's car, Navarro asked Detective O'Keefe to talk to petitioner.  O'Keefe granted her request, and their hushed conversation lasted four to five minutes.  The police did not hear what was said in the conversation.

After the conversation, Navarro told O'Keefe that the methamphetamine found in the car belonged to her, and she was arrested.  Navarro then gave a written statement at the jail that was similar to the one

told to police after she was arrested.  However, these statements contained numerous inconsistencies with what the deputies found at the scene.

**B.  Procedural Background**

The trial court held a hearing under California Evidence Code §402, to determine the admissibility of the statement.  At the hearing, Navarro asserted her Fifth Amendment privilege and refused to testify. The court found Navarro was unavailable as a witness.  The defense requested Navarro's hearsay statement be admitted as declaration against interest.   The prosecution argued that the timing of and the inconsistencies in the statement made it too unreliable to qualify as a declaration against interest under California Evidence Code §1230.  The trial court agreed, and refused to admit the statement.

The Court of Appeal also rejected petitioner's claim that the exclusion of Navarro's admission violated his rights to due process and to present a defense.  The Court of Appeal found petitioner forfeited his due process argument under California's contemporaneous objection rule by failing to raise that argument in the trial court.  In addition, the Court of Appeal found that the evidence was properly excluded since it was unreliable.

**C.  Analysis**

**1.  Petitioner's Claim is Procedurally Barred**

Petitioner's claim is procedurally barred from federal habeas review.  The Court of Appeal found that Butler forfeited his due process claim because he did not raise the constitutional issue in the trial court. The Ninth Circuit has found California's "contemporaneous objection rule" to be an adequate procedural bar.  *Hines v. Enomoto*, 658 F.2d 667, 673 (9th Cir. 1981).  Therefore, federal habeas relief based on a procedurally defaulted claim is barred unless Petitioner is able to demonstrate a miscarriage of justice or cause and actual prejudice to excuse his default of the claim.  *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

To demonstrate cause in federal court, petitioner must show that some objective factor external to the defense prevented petitioner from complying with state procedural rules relating to the presentation of his claims.  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).   Petitioner has not demonstrated cause for failing to object to the trial court's exclusion of Navarro's statement based on a due process violation.

1

2   Petitioner has also failed to demonstrate actual prejudice or that a fundamental miscarriage of justice will

3   result if this claim is barred.  Accordingly, this claim is procedurally barred and should not be considered.

4       **2. Petitioner's Claim Lacks Merit**

5       Even if petitioner's claim is not procedurally barred, it fails because the claim lacks merit.  In habeas

6   proceedings, the Ninth Circuit has traditionally applied a balancing test to determine whether the exclusion

7   of the evidence violated the petitioner's due process rights.  *Chia v. Cambra,* 360 F.3d 997, 1003-1004

8   (9th Cir. 2000).  With this balancing test, the courts seek judicial efficiency and the exclusion of unreliable

9   evidence.  *Id.*  The factors traditionally used in the balancing test include: (1) the probative value of the

10  excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier

11  of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes

12  a major part of the attempted defense.  *Miller v. Stagner,* 757 F.2d 988, 994 (9th Cir. 1985).

13

14      The balancing test factors call for the exclusion of Navarro's confession.  First, the evidence is

15  probative on the central issue, which is the possession of methamphetamine for sale.  Also, while it does

16  not include the exact statement being excluded, Schmueckle's testimony did provide evidence as to

17  whether Navarro possessed the methamphetamine, thus Navarro's statement was cumulative.

18  Furthermore, because the statement is an out of court declaration, evaluation by the trier of fact would be

19  difficult.  And finally, while it constitutes a major part of the attempted defense, it is *very* unreliable.

20      The timing of, and the present discrepancies in Navarro's confession, causes it to lack the reliability

21  necessary to be admitted as a hearsay statement against interest.  Prior to the conversation with Butler,

22  Navarro did not claim that the methamphetamine belonged to her.  It was only after a four minute long

23  conversation, did she claim that it was hers. (Dkt. #1)  Furthermore, over 30 grams of methamphetamine

24  was found, and Navarro claimed that there were only about 14 grams.  (Dkt. #23)  Navarro's statement

25  that she always smoked or snorted methamphetamine was also inconsistent with the two syringes that the

26  police found along with the methamphetamine.  *Id.*  Also, there was overwhelming evidence that the drugs

27  belonged to petitioner.  *Id.*  In particular, the baby bottle bags stored with the methamphetamine matched

28  those found in petitioner's pocket, and a scale with methamphetamine residue was found in petitioner's

cooler. *Id.* Because a court must ensure that evidence is reliable, it was correct to not admit Navarro's statement.

For these reasons, petitioner has not shown that the Court of Appeal's decision was contrary to or an unreasonable application of clearly established federal law.  Therefore this claim for relief is **DENIED**.

## V.  SECOND REQUEST FOR CONTINUANCE TO TEST HAIR SAMPLE

Butler claims that the trial court violated his procedural and substantive rights under the 5th and 14th Amendments when it failed to grant his second request for a continuance to test a hair sample found in the methamphetamine bag.  (Dkt. #1)

**A.  Factual Background**

During trial, on May 4, 2004, defense counsel found a five and one-half inch brown hair in the larger of the two bags of methamphetamine.  Petitioner moved for a continuance so the hair could be tested against hair samples from petitioner and Navarro.  On May 6, 2004, the court granted a continuance until May 11, 2004.  The petitioner and Navarro failed to show and provide hair samples until 4:10 p.m., on May 10, 2004, making it impossible to test the hair sample on time.  The trial court found that petitioner and counsel did not provide an adequate explanation as to why it took so long to obtain the hair samples. Counsel believed that the testing could be completed by May 13 or May 14, and requested a second continuance.  The trial court denied this request.

**B.  Procedural Background**

When denying petitioner's request for a second continuance, the trial court considered petitioner's lack of timely cooperation and concluded the extension request was a dilatory tactic because the first request gave ample time to complete the testing.  The Court of Appeal affirmed this decision, and also determined that the probative value of the hair would be slight.  The Court of Appeal reasoned that, even if it was Navarro's hair, it would not explain her unfamiliarity with the amount of methamphetamine and the large amount of evidence connecting petitioner to the methamphetamine.

**C.  Analysis**

As explained above, federal courts do not review questions of state evidence law.  *Estelle,* 502 U.S. at 67-68; *Jammal*, 926 F.2d at 919.  On federal habeas review, federal courts only consider whether the

1

2  petitioner's conviction violated constitutional norms.  *Id.*

3  **1. Procedural Violations**

4  Butler argues that his procedural rights to due process and to present a defense were violated when

5  the court refused to grant his request for a second continuance.  When alleging these violations, the

6  petitioner must show cause for the procedural default, as well as actual prejudice.  *Keeney v. Tamayo-*

7  *Reyes,* 504 U.S. 1, 6 (1992).  "It is hardly a good use of scarce judicial resources to duplicate fact-finding

8  in federal court merely because a petitioner has negligently failed to take advantage of opportunities in

9  state-court proceedings."  *Id.* at 9.

10  Petitioner was given sufficient time on the first continuance to complete the testing, and is not

11  entitled to a second continuance.  Petitioner has not provided this Court with an adequate explanation for

12  why the sample could not be tested on time.  A showing of cause turns on whether the prisoner can

13  demonstrate that some objective factor external to the defense impeded his effort's to comply with the

14  state's procedural decision.  *Mcleskey*, 499 US 493-494; *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

15  First, the alleged hesitation from Navarro does not explain why Butler did not provide his hair sample

16  earlier.  Second, when he requested the testing of the hair sample, petitioner should have been prepared to

17  cover the costs.  Failure to pay for the testing is not an adequate excuse for a second continuance.

18  Also, petitioner has not demonstrated actual prejudice resulting from the trial court's decision.  It

19  was not his counsel's or the trial court's fault that he could not get the testing done in time.  He and

20  Navarro were given ample time to have the testing done.  Therefore, any prejudice resulting from the lack

21  of a second continuance was petitioner's fault.

22  For these reasons, petitioner has not shown that the Court of Appeal's decision was contrary to or

23  an unreasonable application of clearly established federal law.  Therefore this claim for relief is **DENIED**.

24  **2. Substantive Violations**

25  The Court of Appeal's decision on the merits is entitled to deference under the AEDPA.  28 U.S.C.

26  § 2254(d); *Luna, 306 F.3d at 960.*  Newly discovered evidence is a ground for habeas corpus relief only

27  when it both bears on the constitutionality of an applicant's conviction and would probably result in a

28

different outcome. *Swan v. Peterson*, 6 F.3d 1373, 1384 (9th Cir. 1993). Petitioner fails to satisfy this standard.

The trial court did not abuse its discretion when denying petitioner's motion for a second continuance. First, as explained earlier, the refusal did not bear on the constitutionality of Butler's conviction. He was given sufficient time during the first continuance to complete the testing. It was petitioner's fault that the testing was not completed. Therefore, his rights to due process and to present a defense were not violated. Second, even if the hair was Navarro's, it was not sufficiently exculpatory and not likely to produce an acquittal. The evidence already admitted overwhelmingly connected petitioner to the methamphetamine, and a sample of hair from his girlfriend in the bag would not lead the trier of fact to a different outcome.

For these reasons, petitioner has not shown that the Court of Appeal's decision was contrary to or an unreasonable application of clearly established federal law. Therefore this claim for relief is **DENIED**.

## VI. EVIDENTIARY HEARING FOR FURTHER DNA TESTING

Petitioner requests an evidentiary hearing to test the hair sample found in the methamphetamine bag. (Dkt. #1)

**A. The Correct Standard**

Petitioner contends that he is entitled to an evidentiary hearing because he has made a "colorable" claim for relief and has never been accorded a state or federal hearing on his particular claims. *Id.; Earp v. Oronksi,* 431 F.3d 1158, 1167 (9th Cir. 2005). However, this is the incorrect standard.

Petitioner argues that the trial court made an unreasonable determination of the facts when refusing to grant a second continuance, therefore the AEDPA standard no longer applies. (Dkt. #29) This is simply not true. The trial court granted petitioner a continuance to test the new hair sample found. (Dkt. #1) This continuance provided ample time for petitioner to complete the testing. Butler and Navarro failed to provide their hair samples until the afternoon before trial was to resume. Due to suspicion of dilatory tactics and hair's low probative value, the trial court declined a request for a second continuance. *Id.* This was a reasonable determination of the facts, and the AEDPA standard applies.

**B. Analysis**

1

2    When filing a claim under AEDPA, there is a higher standard for Butler to meet.  If petitioner fails

3  to develop the factual basis for a claim, no hearing may be held unless the claim relies on (1) a new rule of

4  constitutional law or facts previously undiscoverable and (2) it is clear by "clear and convincing evidence"

5  that but for the claimed error, "no reasonable fact-finder would have found the applicant guilty of the

6  underlying offense.  28 U.S.C. § 2254(e)(2).

7    Petitioner fails to meet this more deferential standard.  This is not a claim that addresses a new rule

8  of constitutional law or facts previously undiscoverable.  He was given a continuance to have the sample

9  tested, and simply failed to get it done in time.  (Dkt. #1)  Also, the evidence that petitioner was trying to

10 admit was not of the type that if admitted, "no reasonable fact-finder would have found the applicant guilty

11 of the underlying offense."  28 U.S.C. § 2254(e)(2).  The possibility that Navarro's hair may have been in

12 the bag is of low probative value.  Navarro and Butler were in a relationship, and Navarro used drugs on the

13 day of the arrest.  (Dkt. #1)  There were plenty of opportunities for her hair to find its way into the bag,

14 which would not implicate her as the owner of the methamphetamine.  It would simply not be "clear and

15 convincing" evidence that defendant did not commit the offense.  28 U.S.C. § 2254(e)(2).  Therefore, no

16 evidentiary hearing will be held in this Court.

17    For these reasons, petitioner has not shown that the Court of Appeal's decision was contrary to or

18 an unreasonable application of clearly established federal law.  Therefore this claim for relief is **DENIED**.

19 **VII.  ALLEGED PROSECUTORIAL MISCONDUCT AND FAILURE TO STRIKE TESTIMONY**

20    Petitioner claims the prosecutor committed misconduct with his cross-examinations of defense

21 witnesses Provins and Schmueckle by creating an inference that they fabricated their testimony, and by

22 portraying them as liars in closing argument.  (Dkt. #1)  Petitioner also claims that the trial court

23 erroneously struck the testimony of Provins and Schmueckle and wrongly denied petitioner's motion for a

24 mistrial.  *Id.*

25 **A.  Factual and Procedural Background**

26    When on the stand, Provins testified he saw petitioner carrying Navarro's bags to the car.  The

27 prosecutor asked him why he did not report this information to the police or to the District Attorney's

28 investigator who questioned him.  Provins responded that he was not aware that there was

methamphetamine in his house or in the bag, so he felt no need to report it at the time.  There was no

ORDER
Page - 9

1   motion to strike any of Provins' testimony.

2

3       Schmueckle also took the stand and testified that she and Navarro had smoked methamphetamine on

4   the day in question, that Navarro had put the methamphetamine in the aerosol can, that Navarro put the can

5   in a bag, and that she saw Navarro put the bag in with other items.  When asked if she told the police

6   officers, Schmueckle said "No.  Because she told them herself."  The prosecutor had this statement stricken

7   from the record for being non-responsive, since it included information that did not directly answer the

8   prosecutor's question.

9       The following day, defense counsel moved for a mistrial based on unintentional prosecutorial

10  misconduct.  The defense claimed that the prosecutor created the inference that Provins and Schmueckle

11  fabricated their testimonies.

12      During closing argument, the prosecutor questioned the credibility of Provins and Schmueckle, by

13  arguing that Provins failed to tell the investigator about petitioner carrying Navarro's bags to his car.

14  Defense counsel raised an objection, which the trial court sustained.  The prosecutor also argued

15  Schmueckle was not credible because she failed to mention smoking the methamphetamine with Navarro.

16  Defense counsel's objection to this statement was overruled.  Defense counsel then renewed a motion for

17  mistrial and the court denied the motion.

18  **B.  Prosecutor Misconduct**

19      Petitioner contends the prosecutor committed misconduct when, after Provins and Schmueckle

20  testified concerning facts that would exculpate petitioner, the prosecutor impeached them by asking why

21  they failed to report their knowledge of the facts to authorities.  (Dkt. #1)  When reviewing prosecutorial

22  misconduct claims, the Court must determine whether there was a violation of due process, and not whether

23  there was misconduct under the court's broad exercise of supervisory power.  *Darden v. Wainwright,* 477

24  U.S. 168, 181 (1986); *Drayden v. White*, 232 F.3d 704, 713 (9th Cir. 2000).  For the claim to succeed the

25  prosecutor's remarks must so infect "the trial with unfairness as to make the resulting conviction a denial of

26  due process."  *Hall v. Whitley*, 935 F.2d 164, 165 (9th Cir. 1991) (quoting *Donnelly v. DeChristoforo,* 416

27  U.S. 637, 643 (1974)).

28      The prosecutor did not commit misconduct in cross-examining Provins and Schmueckle, or during

closing argument.  Petitioner argues that the prosecutor was on notice that Provins and Schmueckle heard

Navarro's admission.  (Dkt. #23)  However, petitioner has not presented any evidence that Provins and Schmueckle actually overheard Navarro's admission, and has not shown that the prosecutor was on notice that they did.  *Id.*  The prosecutor was simply inquiring as to why the two witnesses did not mention key information to authorities before taking the stand.  *Id.*

Furthermore, the prosecutor did not commit misconduct in his closing argument.  (Dkt. #1) Prosecutors are free to call a witness' credibility into question when they have failed to provide relevant information to authorities.  The prosecutors did not "infect the trial with unfairness as to make the resulting conviction a denial of due process."  *Hall*, 935 F.2d 165.

For these reasons, petitioner has not shown that the Court of Appeal's decision was contrary to or an unreasonable application of clearly established federal law.  Therefore this claim of relief is **DENIED**.

**C.  Striking Testimony and Failure to Grant Mistrial**

Petitioner claims the trial court erred by striking the testimonies of Provins and Schmueckle and by failing to grant the motion for a mistrial.  The Court will not review questions of state evidence law but will only consider whether the petitioner's conviction violated constitutional norms.  *Estelle*, 502 U.S. at 67-68; *Jammal*, 926 F.2d at 919.  After the prosecutor asked Schmueckle if she ever told the police that she had seen Navarro with the methamphetamine that day, she responded, "No. Because she told them herself." (Dkt. #1)  This was a yes or no question, and the court properly struck it from the record for being non-responsive.  Furthermore, Navarro's confession was found to be too unreliable to be admitted as a statement against interest, therefore it should not be let in through Schmueckle's cross examination.  Also, despite claims by the defendant to the contrary, no testimony by Provins was actually struck from the record.

The trial court committed no error and the Court of Appeal's decision was not contrary to or an unreasonable application of clearly established federal law.  Therefore this claim for relief is **DENIED**.

**VIII.  <u>INEFFECTIVENESS OF DEFENSE COUNSEL</u>**

Petitioner claims that defense counsel was ineffective for failing to request judicial immunity for Navarro, and for failing to challenge the court's exclusion of Navarro's declarations against her penal interest, resulting in a violation of his rights to due process and to present a defense.  (Dkt. #1)  To establish constitutionally ineffective assistance of counsel under *Strickland v. Washington*, the petitioner must show that (1) "counsel's performance was deficient," and (2) "counsel's deficient performance prejudiced the

1    defense." 466 U.S. 668, 687 (1984). To show that counsel's performance was deficient, petitioner must

2    show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  This

3    Court's "scrutiny of counsel's performance must be highly deferential[]" and the Court "must indulge a

4    strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."

5    *Id.* at 689.

6        Petitioner provides no case in which a California court actually granted a request for judicial

7    immunity of a defense witness.  Furthermore, even if counsel made the request, it is not logical that the trial

8    court would grant it for Navarro, whose statement was already found too unreliable to admit.  Also, defense

9    counsel was not ineffective for failing to object to the exclusion of Navarro's statement, since the statement

10   lacked merit.  *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (failure to raise a meritless argument is

11   not ineffectiveness).  Petitioner's counsel's performance did not fall below an objective standard of

12   reasonableness.  It also did not prejudice the defense.

13        For these reasons, petitioner has not shown that the Court of Appeal's decision was contrary to or

14   an unreasonable application of clearly established federal law.  Therefore this claim for relief is **DENIED**.

## IX.  CUMULATIVE IMPACT OF ERRORS

16        Because the petitioner has failed to demonstrate that the State courts' determinations were contrary

17   to or an unreasonable application of clearly established federal law, this Court finds no valid claim of

18   prejudice resulting from a cumulative impact of errors.  Butler's cumulative impact claim is **DENIED**.

## X.  CONCLUSION

20        Petitioner's Writ of Habeas Corpus and Request for an Evidentiary Hearing are **DENIED**.

21   IT IS SO ORDERED

23   Dated this 17th day of August, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE